UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE WESLEY WELLS, | ) | 1:08-CV-01818 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING CLAIM |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES D. HARTLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302. Petitioner has returned his consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

On November 26, 2008, Petitioner filed the instant petition for writ of habeas corpus in this Court. He is currently serving a sentence of 18 years to life as a result of a conviction for second degree murder out of the Los Angeles County Superior Court. He challenges an August 30, 2007, decision of the California Board of Parole Hearings in which he was denied parole.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Improper Claim

The instant petition concerns a subsequent parole hearing held on August 30, 2007, before the California Board of Parole Hearings in which Petitioner was denied parole. Petitioner raises multiple claims in his petition, of which all except one contest the parole decision. In claim three (or "V.," depending on which part of the petition is reviewed), Petitioner challenges the underlying conviction by claiming a violation of his plea agreement. This claim is not properly before this Court. First, the balance of the instant petition raises challenges to the parole decision, not the underlying conviction. Thus, the claim must be brought separately. Second, the proper place to raise such a claim is in the district of conviction, which is the Central District of California since Petitioner was convicted in the Los Angeles County Superior Court. Therefore, the claim will be dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Claim Three (or "V.," as noted elsewhere in the petition) is DISMISSED from the petition.

IT IS SO ORDERED.

Dated:   **January 4, 2009**          /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE